**FIRST NATIONAL BANK IN CHICAGO HEIGHTS, as Trustee, under the provisions of a Trust Agreement dated February 17, 1960, and known as Trust Number 57, Plaintiff-Appellant,**

v.

**The HOME INSURANCE COMPANY, a foreign corporation, Niagara Fire Insurance Company, a foreign corporation, and Phoenix Insurance Company, a foreign corporation, Defendants-Appellees.**

**No. 14826.**

United States Court of Appeals Seventh Circuit.

Sept. 16, 1965.

Silvio Piacenti, James F. Creswell, Chicago Heights, Ill., Piacenti & Cifelli, Chicago Heights, Ill., of counsel, for appellant.

John P. Gorman, Chicago, Ill., Jacob T. Pincus, Chicago, Ill., Clausen, Hirsh, Miller & Gorman, Chicago, Ill., of counsel, for appellees.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff brought this suit to recover under the terms of certain fire insurance policies issued by defendants, covering a building in Chicago Heights, Illinois, known as the Victoria Hotel building.

The District Court held that by agreement of the parties, the policies of insurance had been surrendered and accepted for cancellation, and were not in force and effect on March 10, 1961, the date of the fire.

The hotel building was a large four-story brick building. The first floor had been occupied by stores and the hotel lobby; the second and third floors were utilized for hotel rooms; the fourth floor was used for storage.

For a number of years prior to March 1960, the title to the property was held in the name of William H. Donovan as trustee for himself and for other members of his family.

About March 1, 1960, the property was purchased by Silvio E. Piacenti, William Piacenti, John Cifelli and their respective wives. Silvio Piacenti and William Piacenti were brothers. Silvio Piacenti and John Cifelli were law partners. Title was taken in the name of the First National Bank in Chicago Heights as trustee under the provisions of a trust agreement dated February 17, 1960, and known as Trust No. 57. William H. Donovan acted upon behalf of the sellers in closing the deal, and Silvio E. Piacenti acted upon behalf of the buyers.

At the time of the sale of the property by the Donovan interests to the Piacenti and Cifelli interests, the hotel had ceased to operate and the building was vacant except for the retail stores on the first floor which were occupied by various tenants including the Donovan Agency, Inc.

William H. Donovan was an officer and the principal owner of the Donovan Agency, Inc. This firm had, for many years, been an agent for the defendant insurance companies herein. Donovan Agency, Inc. also acted as manager of the hotel property before and after the sale on March 1, 1960 and until October of 1960. Furthermore, William H. Donovan, at all times material to this case, was a director of the First National Bank in Chicago Heights, the plaintiff herein.

At the time the Piacenti and Cifelli interests purchased the hotel property, it was publicly announced that it was the intention of the buyers to raze the old building and to erect a new and modern building in its place. A sign was erected on the hotel building informing the public of this contemplated action.

Subsequent to March 1, 1960, all of the remaining tenants were given notice by the new owners to vacate the property. On September 20, 1960, Silvio E. Piacenti addressed a letter to William H. Donovan, Donovan Agency, Inc., as follows:

"Dear Bill:

"This will confirm our recent conversation wherein I instructed you to cancel all of the outstanding fire insurance on our Victoria Hotel building for the reason that the City has condemned the building. It must soon be demolished and there is no sense in carrying insurance in this type of situation.

"Very truly yours,

"Piacenti & Cifelli

"By: Silvio E. Piacenti."

Shortly thereafter, Donovan suggested to Silvio Piacenti that a reduced amount of insurance be carried and suggested the figure of $60,000. Thereafter, the old policies were cancelled and new policies of fire insurance were issued by defendant The Home Insurance Company in the amount of $30,000; by defendant Niagara Insurance Company in the amount of $20,000, and by defendant Phoenix Fire Insurance Company in the amount of $10,000. In each case, Donovan Agency, Inc. was the insurance agent. These are the policies that are at issue in this case.

In the early part of February 1961, the Victoria Hotel building was unoccupied except for one tenant, Watland Bros. Camera Shop. At that time, a representative of the Niagara Fire Insurance Company named Christianson, reported to Donovan that the building was uninsurable, and requested Donovan to cancel the Niagara policy. Donovan arranged for the cancellation of all three policies. On February 7 or 8, Donovan telephoned Silvio Piacenti telling him of Christianson's insistence that the building was no longer a suitable risk for fire insurance.

Apparently Donovan desired to cancel all of the policies forthwith. Silvio asked for a short delay. The District Court found that Silvio agreed the three policies should be cancelled effective February 20, 1961, which was the date the sole remaining tenant, Watland, was scheduled to vacate the premises. Donovan, acting for the three defendant insurers, agreed to Silvio's request that the policies be cancelled effective February 20, 1961.

Donovan testified that on February 8, 1961, he called Motlong, vice president of the plaintiff bank, telling him the policies on the building would be cancelled as of February 20, 1961. Motlong requested a written notice of such cancellation for the bank's file, and on the same date, Donovan sent the notice requesting that the policies be surrendered at that time. In the notice as given, there was no reference to a return of unearned premiums nor was there a tender thereof.

On February 20, 1961, Luecke, vice president of the plaintiff bank in charge of trust department business, delivered to Donovan for cancellation, the three insurance policies here in issue. Luecke testified that after having received Donovan's notice of February 8, 1961, he called Donovan and asked him if he had checked with Silvio Piacenti about the cancellation, and Donovan replied that Silvio was agreeable. The bank had theretofore received consent to cancel the policies from the national bank examiners' office.

In the early morning of March 10, 1961, the Victoria Hotel building was, for all practical purposes, totally destroyed by fire. Donovan, Silvio, William Piacenti and Cifelli met at the scene of the fire. Cifelli, one of the beneficiaries, was interviewed at the scene by an interviewer for a radio broadcast. Cifelli stated the owners had suffered a financial loss for several reasons including the fact that they had no insurance on the building. Cifelli later attempted to explain his statement by saying he did not learn the policies of insurance had been cancelled until the morning of the fire.

After the purchase of the building in 1960, Donovan acted as manager of the building for the beneficiaries. He handled the insurance matters for them and maintained a continuous running ledger account with plaintiff trustee. Donovan advanced any necessary insurance premiums and, at times, received credit for return premiums on policies that had been cancelled. On March 22,

1961, he sent to the plaintiff bank the amount of unearned premiums for the policies which had been cancelled effective February 20, 1961.

The findings of fact and conclusions of law herein are based upon the transcript of the record as made during the original trial before Judge Julius H. Miner on October 18 and 19, 1962, the stipulation of the parties as to certain matters, and the additional testimony heard by Judge Abraham L. Marovitz on June 12, 1964. Judge Miner had orally expressed his views on certain issues, but died before signing findings of fact and conclusions of law.

The plaintiff's principal argument seems to be that the defendants did not cancel the fire insurance policies in accordance with the terms of those policies, hence, the attempted cancellations were ineffective. Reliance is had on the policy provision:

"This policy may be cancelled at any time by this company by giving to the insured a five days' written notice of cancellation with or without the tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand."

The District Court entered a finding of fact that the insurance policies in question had been surrendered for cancellation on February 20, 1961, and that this had been done with the consent and approval of Silvio E. Piacenti acting upon behalf of himself and the other beneficiaries under the Trust.

The Court further found that the named insured had not requested a return or tender of the unearned premiums as a condition of cancellation, and had relied upon the practice of the bank and the Donovan Agency with respect to the open account between them. This finding is not "clearly erroneous" so as to permit this Court to set it aside under Rule 52(a) of the Federal Rules of Civil

Procedure, but is, on the contrary, amply supported by credible evidence.

We hold the absence of reference in the notice to the unearned premiums did not nullify nor make ineffective the cancellation of the insurance policies.

Defendants also contend that Mr. Luecke's surrender of the insurance policies was not voluntary and resulted from a misrepresentation of the true facts. We disagree. No such misrepresentation is shown in the record before us. It is clear that the District Court's finding that the policies of insurance had been surrendered by the trustee with the consent of the beneficiaries prior to the fire is well supported by the evidence.

The judgment of the District Court dismissing the complaint is

Affirmed.